### TILLINGHAST v. CARR.

(Circuit Court, D. Washington, W. D. August 7, 1897.)

1. PROMISSORY NOTE—CONSIDERATION.
   Defendant received, in trust for a national bank, stock in another bank, executing his note for the same at its par value, in order that the books of the bank might not show that it was the owner of the stock. He afterwards received dividends and securities in liquidation of such stock, and turned over the securities and paid part of the dividends to the bank, taking up his note and executing a new note for the balance of the dividend. *Held*, that he could not defend against such note in the hands of a receiver on the ground that he was an accommodation maker.

2. NOTE PAYABLE TO NATIONAL BANK—OPTION TO PAY IN STOCK OF ANOTHER BANK.
   An agreement between the officers of a national bank and the maker of a note payable to the bank that it may be paid by the transfer to the bank of stock of another bank is illegal, and the receiver of the bank is not estopped from denying its validity by reason of having realized on securities transferred to the bank as a part of the transaction; such securities having been received by such maker as trustee for the bank.

This is an action at law by Phillip Tillinghast, as receiver of the Columbia National Bank, against F. L. Carr, upon a promissory note for $1,750. In his answer the defendant pleads want of consideration as a defense to the action. There was a trial by the court, a jury being waived.

W. H. Pritchard, for plaintiff.
Geo. D. Schofield and T. W. Hammond, for defendant.

HANFORD, District Judge. From the evidence, I find the origin and history of the note sued on to be as follows: In the summer of 1893, W. G. Peters and N. B. Dolson were officers of the Columbia National Bank. Dolson at that time was indebted to the Columbia National Bank in the sum of $3,800, and he held stock of the First National Bank of Montesano to the amount of $3,800, par value; and W. G. Peters was indebted to the Columbia National Bank in an amount exceeding $4,000, and he held stock of the First National Bank of Montesano to the amount of $4,000, par value. At that time said stock, to the amount of $5,800, par value, was pledged to the defendant as collateral for a loan from him to the Columbia National Bank of $5,000. The defendant wished to control the voting of all of said stock, and also, if possible, to induce certain friends of his to purchase the same, and for these purposes made an application to Peters, as the active manager of the Columbia National Bank, for an option on said stock; and, as a result of negotiations, said stock, amounting to $7,800, par value, was first transferred to the German-American Safe-Deposit & Savings Bank of Tacoma, which bank, in consideration for the transfer of said stock, issued to Peters and Dolson its certificate of deposit for the amount of $7,800. Then the Columbia National Bank received said certificate of deposit, and, in consideration therefor, canceled the indebtedness of Peters and Dolson, to the amount of $7,800. Then the stock of the First National Bank of Montesano, to the amount of $7,800, was transferred to the defendant, the certificate of deposit of the German-American Safe-Deposit & Savings Bank was canceled, and the defendant gave to the Columbia National Bank his promissory note for $7,800. Afterwards the First National Bank of Montesano went into voluntary liquidation, and after having taken care of all its debts a dividend of 35 per cent. was paid on its capital stock, and the defendant received said cash dividend and also notes, mortgages, and warrants, equal in amount to the par value of the $7,800 worth of stock which had been transferred to him as aforesaid. Afterwards the defendant changed the form of his obligation to the Columbia National Bank by taking up his note for $7,800, and giving in lieu thereof two notes, one for $980 and one for $1,750, which together represented the amount of the dividend which he had received, and a third note for $5,070, the remaining 65 per cent. of his original liability. Afterwards the defendant paid cash and delivered notes and mortgages and warrants covering the amount of his notes for $980 and $5,070, and received from the Columbia National Bank a surrender of said notes, and a receipt for the money and securities which he had paid and delivered in satisfaction, which receipt contained an agreement on the part of the Columbia National Bank permitting the defendant, at his option, within 5 years from November 3, 1894, to deliver stock of the Bank of Montesano to the amount of $5,000 in full payment of the remaining note for $1,750. At the time the defendant gave his original note for $7,800, it was agreed between him and the Columbia National Bank that the defendant was not to pay interest on said note, but that all dividends on the $7,800 of bank stock should go to the Columbia National Bank, and that the defendant's note should be

renewed from time to time, upon request; and, at the time of the change of the form of the defendant's liability by the giving of three notes in place of the original note, it was agreed that the note for $1,750 should not bear interest, and that it should be renewed from time to time, upon request, without the payment of interest; and said note was afterwards taken up, and a new note for $1,750 given in lieu thereof, and the note sued upon was afterwards given in lieu of the second note for the same amount. Before the commencement of this action the defendant offered to perform his contract, by tendering to the receiver of the Columbia National Bank stock of the bank of Montesano to the amount of $5,000, and has made the tender good by depositing said stock in the registry of the court at the time of filing his answer.

The defendant represents in his testimony that the $7,800 worth of stock of the First National Bank of Montesano was not actually sold to him, but was merely placed in his name, partly for the purpose of enabling him to control the voting and disposition of the stock, and partly for the accommodation of the Columbia National Bank, to avoid exposure of an illegal investment of its funds in bank stock, and that his note for $7,800 was given to bring up the amount of assets of the Columbia National Bank to the proper figure without including the bank stock, so that the transaction and the understanding of the parties made the defendant a holder of stock in the First National Bank of Montesano as a trustee for the Columbia National Bank; and he claims to be merely an accommodation maker, without consideration, of the note for $7,800. Conceding all that the defendant claims as to his being an accommodation maker of the original note, and holder of stock in the First National Bank of Montesano as trustee for the Columbia National Bank, we must place him in the position of a trustee who has received in dividends upon stock which belonged to the Columbia National Bank $1,750 in excess of what he has paid to his cestui que trust. Having retained this amount of money, for which he was accountable as trustee, he gave the note in question, and secured an agreement allowing him an option to either pay the money without interest, or deliver stock in the Bank of Montesano to the amount of $5,000, par value, to clear himself from liability. At the time of entering into this agreement the defendant knew very well that the Columbia National Bank could not lawfully make an investment of its funds in the stock of the Bank of Montesano; and there appears to have been no reason for making the arrangement, except a desire on the part of the officers of the Columbia National Bank and the defendant to be mutually accommodating, and to help each other to unload upon the Columbia National Bank the unmarketable stock which they held, and to obtain therefor its par value in cash. In view of these facts, I hold that the agreement giving to the defendant an option to deliver bank stock in payment of the note sued upon was and is unlawful, and it constitutes no defense to this action, and that the evidence does not sustain the plea of want of consideration in the defendant's answer.

The defendant claims that the plaintiff is estopped to dispute the validity of the agreement made by the bank to accept stock in sat-

isfaction of his obligation upon the note, because he received and retained, and has realized upon, the other notes and securities which were delivered to the bank at the time the agreement was made, as part of the same transaction. But the notes and securities which the defendant delivered to the Columbia National Bank were rightfully the property of the Columbia National Bank, because they were taken by the defendant in liquidation of stock which he held as trustee for the Columbia National Bank. The plaintiff therefore had a right to realize all he could upon said securities, for the benefit of the trust which he represents; and the defendant has no legitimate claim of right to retain the remaining portion of the dividend which he received in money, nor any legal right to pay the note which he gave in consideration of money received in any kind of property other than money. Findings of fact and a judgment in favor of the plaintiff will be made and entered in accordance with this opinion.